Broom, Justice.
A holographic will was denied probate by the Chancery Court of Leflore County. Lelia K. Smith and another beneficiary of the will appeal. We affirm.
The chief issue is whether or not the chancellor erred in applying to the will the doctrine of presumptive invalidity because of a confidential relationship between the testatrix and her sister, a beneficiary.
The testimony established the following facts. On May IS, 1953, Grace K. Bilello (testatrix) came to the house of her sister, Lelia K. Smith, and asked for a pen and paper, stating that she desired to make her will. Lelia, an appellant, suggested that Grace go to an attorney, but Grace declined and drafted an instrument which she declared to be her will. The instrument is on a single piece of paper and reads as follows : v
I will my interest in Kirby Ridge to Nancy Kirby Mabry and my interest in the store building, now being rented by C. B. Turner, to Lelia K. Smith—
Grace left the will in the possession of Lelia who testified that she put it in a dresser drawer and forgot about it. On October 9, 1961, the testatrix died in a flash fire, whereupon letters of administration issued to her husband, Lloyd C. Bilello (appellee). A final decree was entered September 21, 1962, closing out the administration. About 1968 or 1969, Mr. Bilello approached Lelia regarding partition of the property which he and Lelia held as tenants in common by virtue of his inheritance as sole heir at law of his wife, Grace. At this point Lelia, according to her testimony, remembered the existence of the will which she filed for probate, and in the petition for probate, she and Nancy sought to set aside the final decree in the administration of the estate of the testatrix. The appellee contested probate, issue was joined, a jury was waived and the matter tried by the chancellor, who refused admittance of the instrument to probate.
I.
Key to the chancellor’s decision was his finding that a confidential or fiduciary relationship existed between the testatrix and Lelia. What constitutes a confidential relation is defined in Black’s Law Dictionary, Revised Fourth Edition 1968, at page 370. It states, among other things, that a confidential relation is not confined to any specific association of parties but appears when “on the one side there is an overmastering influence, or, on the other, weakness, dependence, or trust, justifiably reposed.”
In finding that there was a confidential or fiduciary relationship between the testatrix and her sister Lelia in the present case, the chancellor had before him substantial testimony showing that their relationship was more than sibling consanguinity. Evidence established that the testatrix visited Lelia almost every morning and frequently visited her again in the afternoon. The evidence supported the chancel *918 lor’s finding that the testatrix was “an alcoholic and was weak in mind and body” when the will was drawn.
The rule which the lower court followed was stated well in Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959):
[WJhere a confidential relation exists between a testator and a beneficiary under his will, and the beneficiary has been actively concerned in some way with the preparation or execution of it, the law raises a presumption that the beneficiary has exercised undue influence over the testator, and casts upon the beneficiary the burden of disproving undue influence by clear and convincing evidence.
(237 Miss. at 722-23, 115 So.2d at 686).
As the chancellor recognized, the relationship between the testatrix and Lelia was not a conventional fiduciary relationship in a strict sense but, as stated in Ham v. Ham, 146 Miss. 161, 173, 110 So. 583, 584 (1926), quoting 2 Pomeroy, Equity Jurisprudence (4th ed.) § 956:
It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fudiciary relation exists as a fact, in which there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and duties involved in it need not be legal, it may be moral, social, domestic, or merely personal.
The record also supports the chancellor’s finding that there were suspicious circumstances attendant to the execution of the will. Suspicious circumstances noted by the chancellor were the following: Lelia actively participated in the execution of the will; the will was executed in her home; she was the only person aware of the will; she was the sole custodian of the instrument; and there was a long delay in producing the instrument.
In deciding this case, the chancellor correctly applied the doctrine of presumptive invalidity of the will because of the confidential relationship between the testatrix and a beneficiary, and suspicious circumstances attendant to the will’s execution. He adhered to the decisions cited above as well as In Re Will of Moses, 227 So.2d 829 (Miss.1969).
II.
There is some merit to the appellant’s argument that the court erred in admitting the testimony of Lloyd C. Bilello in derogation of Mississippi Code Annotated section 13-1-7 (1972). James v. Barber, 244 Miss. 234, 142 So.2d 21 (1962). The error is harmless because the chancellor’s findings were all justified and supported by testimony independent of Mr. Bilello’s testimony. Regardless of the evidence furnished by Mr. Bilello, the appellants (proponents of the will) failed to satisfactorily prove that there was an absence of undue influence associated with the testatrix’ writing and signing the holographic will.
While this is a close case, upon the facts- and circumstances revealed by the record we are unable to say that there was reversible error on the part of the chancellor.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.